IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND ET AL.,

       Plaintiffs,

v.

SPECIALTY WOODWORK, INC.,

       Defendant.

\*

\*

\*

\*

\*

\*

\*

\*

Civil No. 24-3610-BAH

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiffs International Painters and Allied Trades Industry Pension Fund, The Finishing Trades Institute Fund, IUPAT Industry Pension Plan, International Painters and Allied Trades Industry Annuity Plan, and Daniel R. Williams (collectively, "Plaintiffs") brought suit against Defendants Specialty Woodwork, Inc. ("Specialty Woodwork") and Specialty Woodwork and Drywall, Inc. ("Specialty Drywall") (together, "Defendants") for unpaid contributions pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. ECF 1 (complaint). Pending before the Court is Plaintiffs' motion for default judgment. ECF 21. The motion includes a memorandum of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. See Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiffs' motion for default judgment is **DENIED**.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I.    **BACKGROUND**

On December 13, 2024, Plaintiffs filed suit against Specialty Woodwork and Specialty Drywall, alleging that Specialty Woodwork failed to pay contributions to Plaintiffs as required under a collective bargaining agreement and trust agreement.  ECF 1, at 6 ¶ 21, at 7 ¶ 24. According to Plaintiffs, Scott Sunderland is "the sole owner and an employee of Specialty Wood[work]," and Specialty Drywall is an "alter ego" of Specialty Woodwork. *Id.* at 9 ¶ 30, at 11 ¶ 48.  On January 9, 2025, Plaintiffs filed affidavits of service showing that each Defendant was served on January 3, 2025.  ECF 7.  On February 6, 2025, Plaintiffs filed a motion for clerk's entry of default as to Specialty Woodwork only.  ECF 8.  The Clerk entered default as to both Defendants.  *See* ECF 10 (entry of default); ECF 11 (notice of default to Specialty Drywall); ECF 12 (notice of default to Specialty Woodwork).  The Court then vacated ECF 10 and ECF 11 and directed the Clerk to enter an amended order of default as to Specialty Woodwork only.  ECF 13. The Clerk entered amended default against Specialty Woodwork only on February 20, 2025.  ECF 14.  On February 26, 2025, Plaintiffs filed a stipulation of dismissal as to Specialty Drywall, ECF 15, which was approved, ECF 16.  On March 17, 2025, the notice of the amended entry of default mailed to Specialty Woodwork was returned as undeliverable and marked "unable to forward." ECF 17, at 1.

On December 3, 2025, the Court ordered Plaintiffs to show cause why this action should not be dismissed for dormancy.  ECF 18.  Plaintiffs responded to the order to show cause and indicated they had "made numerous attempts to locate the Defendant, care of its principal, Scott Sunderland, with the intent to try to resolve this matter" but had "not been successful in locating the Defendant despite their efforts."  ECF 19, at 2.  On January 9, 2026, Plaintiffs filed the pending motion for default judgment.  ECF 21.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court may conduct hearings or make referrals when necessary to determine the damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). A plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g., Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, Civ. No. DKC-11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l, Inc. v. Austin Area Hospitality, Inc.*, Civ. No. TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

With respect to liability, the Court takes as true all well-pleaded facts in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) in the context of default judgments. *See, e.g., Balt. Line Handling Co. v.*

3

*Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement" is insufficient to award default judgment. *Id.* ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted." (internal quotation omitted)). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan*, 253 F.3d at 780. "The party moving for default judgment must still show that the defaulted party was properly served, . . . and that the 'unchallenged factual allegations constitute a legitimate cause of action.'" *Harris v. Blue Ridge Health Servs., Inc.*, 388 F. Supp. 3d 633, 637–38 (M.D.N.C. 2019) (first citing *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996); and then quoting *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010)).

## III.    ANALYSIS

Before addressing whether Specialty Woodwork is liable and if so, what damages it is liable for, the Court must address two threshold questions: (1) whether Specialty Woodwork was properly served and nonetheless failed to file a responsive pleading, *see Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d. 402, 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him); and (2) whether the Court has subject matter jurisdiction over this action, *see Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists."); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."). With respect to the latter inquiry, the Court easily finds jurisdiction to hear this ERISA case pursuant to 29 U.S.C. § 1132(e)(1). *See* 29 U.S.C. § 1132(e)(1) (providing "the district courts of the United States shall have exclusive

4

jurisdiction of civil actions under this subchapter"). However, as it relates to issue of service, the record does not reflect that Specialty Woodwork was properly served and thus the Court cannot enter default judgment against it.

### A.    Service of Process

Federal Rule of Civil Procedure 4(h) governs service on a corporation within the United States. This rule allows for a corporation to receive service of process by any means allowed by the state where the district court is located, or the state where service is to be effected. *See* Fed R. Civ. P. 4(h)(1)(A). Subsection (1)(B) also authorizes service upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

In Maryland, where the district court is located for purposes of Rule 4(h), service is made upon a corporation "by serving its resident agent, president, secretary, or treasurer." Md. Rule 2-124(d). Pursuant to that rule, if the corporation "has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.*

In Pennsylvania, where service was purportedly effected here, service on a corporation shall be made by "handing a copy" of the summons and complaint to: (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it. Pa. R. Civ. P. 424.

The complaint provides that Scott Sunderland is "the sole owner and an employee of" Specialty Woodwork, and that Specialty Woodwork "maintained a mailing address and office" at a residential address in Feasterville, Pennsylvania. ECF 1, at 2 ¶ 4, at 9 ¶ 30. The docket reflects that service was effectuated on December 17, 2024, via private process server providing a copy of the summons and complaint to an individual named Jett Sunderland at the same Feasterville, Pennsylvania address. *See* ECF 7, at 2. The process server verified that "Jett accepted and signed for the documents without an issue" and "confirmed to [the process server] that he was authorized to accept service for the company." *Id.* However, Plaintiffs fail to sufficiently establish Jett Sunderland's identity and role at Specialty Woodwork so that this Court can determine he is the proper recipient of service for the corporation. Specifically, there is no evidence in the record that Jett Sunderland is authorized to accept service on behalf of Specialty Woodwork under the Federal, Maryland, or Pennsylvania rules. Even though Jett Sunderland apparently asserted that "he was authorized to accept service for the company," ECF 7, at 2, "more than his affirmation of this alleged fact is required," *Schrider v. Devlin Contracting & Maint., Inc.*, Civ. No. BAH-24-2978, 2025 WL 2784345, at *5 (D. Md. Sept. 30, 2025) (citing *Fenwick v. United States*, 691 F. Supp. 2d 108, 113 (D.D.C. 2010) (stating that a person must in fact be authorized to accept process and that it is not enough that a person accepted the papers or even that the person claimed to have the authority to do so)). Moreover, given that the amended notice of default appears to have been mailed to the same Feasterville, Pennsylvania address where service on Jett Sunderland occurred— but was returned as undeliverable on March 5, 2025, ECF 17, at 1—the Court has concerns about whether Specialty Woodwork was properly served or received notice of its default in this action.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland*

6

*State Firemens Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). Because the record does not establish that Plaintiffs complied with the relevant rules governing service of process on Specialty Woodwork, the pending motion for default judgment, ECF 21, is denied. However, the denial is without prejudice and Plaintiffs are invited to address the deficiencies noted above in renewed motions. Any such motions should be filed within thirty (30) days, or the complaint will be dismissed without prejudice and without further notice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment, ECF 21, is DENIED without prejudice. A separate implementing order will issue.

Dated: May 14, 2026

_____/s/_____
Brendan A. Hurson
United States District Judge

7